THE STATE v. FORTNER.

1. **Evidence:** CRIMINAL LAW: CONFESSION. To justify the exclusion of a confession, it must have been made under the constraint of promises, inducements, or threatened injury.

2. ——: ——: ——: RULE APPLIED. The defendant having been jointly indicted with another for larceny, a witness who had also had property stolen testified that he went to defendant while the latter was in jail and told him that his associate had turned state's evidence, and asked him to turn state's evidence also, that the other might be convicted, promising him that in that event he would "clear him of the charge of taking another's property"; the prisoner then said he did not take witness' property, but did take the prosecuting witness': *Held*, that the testimony was properly admitted.

*Appeal from Buchanan District Court.*

TUESDAY, JUNE 13.

The defendant was indicted for the larceny of twenty bushels of wheat, of the value of sixteen dollars, the property of one Myers. It was alleged that the wheat was stolen from a granary in the night time. There was a verdict of guilty, and judgment thereon; defendant appeals.

*Lake & Harmon*, for appellant.

*M. E. Cutts, Attorney General*, and *J. B. Powers, District Attorney*, for the State.

ROTHROCK, J. — I. The defendant was jointly indicted with one Sovereign, who, by reason of something in the nature of a confession, was released on his own recognizance. The defendant only was put upon trial, and the State introduced as a witness one August Hurlburt, who testified in substance as follows: "I had some wheat taken, and after defendant's arrest and while he was confined in jail I went to the jail and told him that Sovereign had turned State's evidence against him; that Sovereign was just as guilty as he was, and I wanted him to turn State's evidence against Sovereign; I told him if he took my wheat to own it up and I would clear him. He said he did not take my wheat, but that he and Sovereign took Myers' wheat."

This testimony was objected to by the defendant as not being his voluntary confession. The objection was overruled and defendant excepted, and now insists that this action of the court was error, to his prejudice. The mere fact that the defendant was confined in jail is not sufficient to exclude the confession, nor is the fact that witness stated to defendant that Sovereign had turned State's evidence against the defendant. Hurlburt was not seeking a confession as to the larceny of Myers' wheat but his own, and the only inducement made to defendant was to confess as to the stealing of Hurlbut's wheat. No promises were made to defendant to induce him to confess having stolen the wheat of Myers. In order to exclude the confession as involuntary, there must be some promises or inducements made, or some injury threatened. "The material inquiry is, whether the confession has been obtained by the influence of hope or fear applied by a third person to the person's mind." 1st Greenleaf on Evidence, Sec. 219. We are of the opinion that there was no error in admitting this testimony.

II. Seven exceptions are taken to the instructions to the

jury. On a careful examination we are satisfied that the instructions state the law correctly.

III. There was evidence attacking the general reputation of the witness Hurlbut for truth, and the circumstances relied on by the State to corroborate him are not of a very strong and persuasive character; and yet after the very full, clear and explicit instructions of the court below upon the questions of impeachment and corroboration, we are not prepared to say that the jury were not warranted in believing the testimony as to the defendant's confession.

AFFIRMED.